790 F.2d 154
 252 U.S.App.D.C. 332, 12 O.S.H. Cas.(BNA) 1838,
1986-1987 O.S.H.D. ( 27,585
 GATES & FOX COMPANY, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and William
E. Brock, Secretary of Labor, Respondents.
GATES & FOX COMPANY, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and William
E. Brock, Secretary of Labor, Respondents.
GATES & FOX COMPANY, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and William
E. Brock, Secretary of Labor, Respondents.
William E. BROCK, Secretary of Labor, Petitioner,
v.
GATES & FOX COMPANY, INC., Respondent.
 Nos. 80-1446, 80-1447, 84-1614 and 85-1054.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 6, 1986.
Decided May 13, 1986.
 
 Harold Gordon, with whom Robert D. Roadman, Washington, D.C., was on brief, for petitioner in Nos. 80-1446, 80-1447 and 84-1614 and cross-respondent in No. 85-1054. William H. Roberge, Jr., Silver Spring. Md., also entered an appearance for petitioner in Nos. 80-1446 and 80-1447.
 Kenneth Hellman, Atty., U.S. Dept. of Justice, Washington, D.C., for respondents in Nos. 80-1446, 80-1447 and 84-1614 and for cross-petitioner in No. 85-1054.
 Joseph M. Woodward, Atty., U.S. Dept. of Labor, Washington, D.C., was on brief, for respondents in Nos. 80-1446, 80-1447 and 84-1614 and for cross-petitioner in No. 85-1054.
 Anthony J. Steinmeyer and Marleigh D. Dover, Atty., Dept. of Justice, Washington, D.C., entered appearances for respondents in Nos. 80-1446 and 80-1447.
 Linton W. Hengerer and Judith N. Macaluso, Attys., U.S. Dept. of Labor, Arlington, Va., entered appearances for petitioner in No. 85-1054.
 Before WALD, SCALIA and SILBERMAN, Circuit Judges.
 Opinion for the Court filed by Circuit Judge SCALIA.
 SCALIA, Circuit Judge:
 
 
 1
 Gates & Fox Company, Inc., challenges its citation for violating 29 C.F.R. Sec. 1926.800(b)(3) (1985), a safety regulation which requires companies engaged in excavating tunnels and shafts to provide their employees with rescue equipment in certain circumstances. The issue we address is whether the regulation describes the circumstances with sufficient clarity to provide constitutionally adequate warning of the conduct prohibited.
 
 
 2
 * In 1978, Gates & Fox worked as a subcontractor on the extension of the Metro subway system in northwest Washington, D.C. The company was responsible for constructing an entrance beam connecting a vertical shaft to a completed underground tunnel at the Brandywine Street worksite. On April 17, 1978, an Occupational Safety and Health Administration compliance officer cited Gates & Fox for violating 29 C.F.R. Sec. 1926.800(b)(3), an OSHA regulation applicable to tunnels and shafts which provides:
 
 
 3
 Bureau of Mines approved self-rescuers shall be available near the advancing face to equip each face employee. Such equipment shall be on the haulage equipment and in other areas where employees might be trapped by smoke or gas, and shall be maintained in good condition.
 
 
 4
 "Self-rescuers" are cannister-like devices through which tunnel employees can breathe in the event of a loss of oxygen caused by a cave-in or other emergency. An "advancing face" is a wall of earth at the end of a tunnel upon which excavation work is progressing. It is undisputed that the area in which Gates & Fox was working was not near an advancing face, but was nevertheless an area in which employees could have been trapped by smoke or gas. Gates & Fox concedes that it had not provided its employees with self-rescuers.
 
 
 5
 Gates & Fox challenged its citation before an Administrative Law Judge, who agreed with the OSHA compliance officer that the company had willfully violated Sec. 1926.800(b)(3). See Secretary of Labor v. Gates & Fox Co., OSHRC Nos. 78-2830 & 78-2831, Decision and Order at 8 (Jan. 30, 1980). On review, the Commission split 1-1 on whether the regulation had been violated. (The third Commission seat was vacant.) Chairman Buckley was of the view that Sec. 1926.800(b)(3) requires self-rescuers to be available only near an advancing face. See Secretary of Labor v. Gates & Fox Co., 12 O.S.H. REP. (BNA) 1092, 1096 (Nov. 30, 1984). Commissioner Cleary disagreed, reading the regulation to require self-rescuers both near an advancing face and "in other areas where employees might be trapped by smoke or gas." See id. at 1095-96 (emphasis added). The Commissioner believed, however, that Gates & Fox's violation was attributable to a good-faith misunderstanding of the regulation, so that the violation was not "willful." Id. at 1096. Under 29 U.S.C. Sec. 661(f) (1982), the OSHRC can act officially only with the affirmative votes of at least two Commissioners. Therefore, "[t]o resolve their impasse on the merits," Chairman Buckley and Commissioner Cleary agreed to affirm the finding of a violation, reverse the finding of "willfulness," and accord the ALJ's decision no precedential effect. Gates & Fox, 12 O.S.H. REP. (BNA) at 1096.
 
 
 6
 Gates & Fox petitions for review, contending that Sec. 1926.800(b)(3) cannot reasonably be read to require self-rescuers in the absence of an advancing face. The Secretary of Labor also petitions for review, arguing that the Commission's finding of a lack of "willfulness" was not based upon substantial evidence. We have jurisdiction under 29 U.S.C. Sec. 660(a) & (b).
 
 II
 
 7
 Courts must give deference to an agency's interpretation of its own regulations. See, e.g., Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980); Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Where the imposition of penal sanctions is at issue, however, the due process clause prevents that deference from validating the application of a regulation that fails to give fair warning of the conduct it prohibits or requires. See, e.g., Phelps Dodge Corp. v. FMSHRC, 681 F.2d 1189, 1193 (9th Cir.1982); Kropp Forge Co. v. Secretary of Labor, 657 F.2d 119, 122-24 (7th Cir.1981); Diebold, Inc. v. Marshall, 585 F.2d 1327, 1335-39 (6th Cir.1978). See also Brock v. L.R. Willson & Sons, Inc., 773 F.2d 1377, 1386-88 & n. 11 (D.C.Cir.1985) (dictum). In a discussion frequently relied upon by other courts, the Fifth Circuit stated in reviewing an OSHRC decision:
 
 
 8
 The respondents contend that the regulations should be liberally construed to give broad coverage because of the intent of Congress to provide safe and healthful working conditions for employees. An employer, however, is entitled to fair notice in dealing with his government. Like other statutes and regulations which allow monetary penalties against those who violate them, an occupational safety and health standard must give an employer fair warning of the conduct it prohibits or requires....
 
 
 9
 If a violation of a regulation subjects private parties to criminal or civil sanctions, a regulation cannot be construed to mean what an agency intended but did not adequately express.... [T]he Secretary as enforcer of the Act has the responsibility to state with ascertainable certainty what is meant by the standards he has promulgated.
 
 
 10
 Diamond Roofing Co. v. OSHRC, 528 F.2d 645, 649 (5th Cir.1976). Citations of employers for occupational safety and health standard violations have frequently been overturned for lack of "fair" or "constitutionally adequate" warning. See, e.g., Kropp Forge, 657 F.2d at 123-24; Lloyd C. Lockrem, Inc. v. United States, 609 F.2d 940, 943-44 (9th Cir.1979); Diebold, 585 F.2d at 1335-39; Diamond Roofing, 528 F.2d at 648-50.
 
 
 11
 While we express no opinion on whether, in a non-penal context, the Commission's interpretation of Sec. 1926.800(b)(3) might be permissible, we hold that Gates & Fox did not receive constitutionally adequate notice that it could be sanctioned for failing to provide self-rescuers to employees not working near an advancing face. The first sentence of the regulation explicitly requires self-rescuers only "near the advancing face." The second sentence begins "[§ ]uch equipment," which is most naturally read to refer only to the equipment mentioned in the preceding sentence--viz., the self-rescuers that must be available "near the advancing face to equip each face employee." Further, the second sentence requires those self-rescuers on "the haulage equipment"--the definite article suggesting that some specific haulage equipment is referred to, rather than merely haulage equipment in general-- viz., the specific haulage equipment used in connection with the advancing face. With those prior indications, the last phrase of the second sentence--"other areas where employees might be trapped by smoke or gas"--would reasonably be read to refer only to such areas near an advancing face.
 
 
 12
 Thus, as drafted, Sec. 1926.800(b)(3) fails to give fair notice that self-rescuers are required in all areas where employees could be trapped by smoke or gas. The Secretary argues that even if the language of the regulation was not adequate, the company in fact had notice that self-rescuers were required throughout its worksite, because (1) it had been warned of the requirement before the OSHA inspection, and (2) "prior to the inspection, Gates & Fox had received a citation for violation of the same standard." Brief for the Secretary of Labor at 12. The "warning," however, came not from OSHA but from the general contractor's safety inspector, and was therefore not an authoritative interpretation of the regulation. It shows, at most, that some person (and one who had nothing to lose by an abundance of caution) read the regulation as OSHA suggests. That is insufficient, in our view, to cure the impermissible vagueness. As for the prior citation referred to by the Secretary, that appears to have been at a site at which there was an advancing face, and could not have given notice that self-rescuers were required elsewhere.
 
 III
 
 13
 Gates & Fox also petitions for review of Commission decisions sanctioning the company for (1) operating a Lorain 35 truck crane within ten feet of an energized power line on June 1, 1978, in willful violation of 29 C.F.R. Sec. 1926.550(a)(15)(i); (2) operating a Drott 2500 truck crane within ten feet of an energized power line on April 13, 1978, in serious violation of 29 C.F.R. Sec. 1926.550(a)(15)(i); (3) failing to provide self-rescuers at the Ingomar Street site on April 17, 1978, in willful violation of 29 C.F.R. Sec. 1926.800(b)(3); and (4) operating an improperly guarded grout pump on May 22, 1978, in serious violation of 29 C.F.R. Sec. 1910.219(f)(3). The Secretary challenges the finding of no willfulness with respect to the citation for operation of the Drott 2500 truck crane. On all these points, we find the Commission's decisions supported by substantial evidence.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 The petition of Gates & Fox for review of the Commission decision imposing sanctions upon the company for violating 29 C.F.R. Sec. 1926.800(b)(3) at the Brandywine Street site, case No. 84-1614, is granted because the regulation failed to provide adequate notice of the conduct it prohibited. The petitions of Gates & Fox with respect to other matters, case Nos. 80-1446, 80-1447 & 84-1614, and the petition of the Secretary, case No. 85-1054, are denied.
 
 
 17
 So ordered.